**Cite as: Opinion No. 95-038 (September 21, 1995)**
**(unpublished)**

**Retirement Systems - Transfer of Service Credits**

September 21, 1995

*The Honorable John Leopold*
*House of Delegates*

You have requested our opinion on an issue regarding transfer of service credit from a State to a county pension system. Your specific questions are as follows:

1.      Is an individual eligible to transfer State service credit to a county pension system if (i) the individual was a member of the Employees' Pension System until terminating State service; (ii) immediately after leaving State service, the individual became a contractual employee of the county; (iii) the individual's contract with the county contained a provision precluding the individual from membership in any county-sponsored pension plan; and (iv) after 71 days of work under the employment contract, the individual became a permanent county employee, performing essentially the same functions?

2.      Is the 71-day period of contractual employment considered a "break in employment," for purposes of transferring service credit, even if the contractual job involved the same duties as the permanent one?

The sequence of events described in your inquiry occurred in 1991. Hence, we shall address the question applying the law in effect at that time. We shall also address the situation under current law.

In our opinion, the result is the same under both prior and current law: Given the facts described in your inquiry, the individual is not eligible to transfer the State service credit.

**I**

**Transfer Under Prior Law**

Under former Article 73B, §1-401(a) of the Maryland Code, if "a *member* transfers from a retirement or pension system . . . the *member* shall receive service credit for and in the amount of benefits in the system into which the *member* transfers." (Emphasis added.)[1] As long as a "member"

---

[1] The quoted language is from §32(c), which dealt with transfers from a noncontributory to a contributory system. The other subsections of §32 contained substantially similar language.

transferred, a claim for the service credit could be made "within 1 year of the date of entrance into the system to which the member transfers."

The agency responsible for administering this law, the State Retirement Agency, interpreted this provision straightforwardly, in accordance with its text: As a prerequisite to the transfer of service credits between systems operated by the State or a political subdivision, the individual must have been a "member" of a retirement or pension system from which the person transferred at the time of the transfer into the new system. The term "member" was defined in former Article 73B, §111(5) to mean "any employee who is a member of this pension system."

This administrative agency construction was, at the least, a reasonable one. Although a more liberal construction might have avoided seemingly harsh results when individuals had but a short hiatus between membership in different pension systems, nevertheless the Retirement Agency was not at liberty to "disregard the plain meaning . . . in the name of liberal construction . . . " *Mayor and City Council v. Cassidy*, 338 Md. 88, 97, 656 A.2d 757 (1995).

In *Saxton v. Board of Trustees*, 266 Md. 690, 296 A.2d 367 (1972), the widow of a fireman who had died of job-related injuries sought certain special death benefits. The statute provided that this benefit was available after "the death of a member in service." The widow's husband had died eight months after retiring on disability, granted because of the very injuries that soon led to his death. The widow argued that a liberal construction of the pension laws should not give so harsh an effect to the literal "membership" requirement, and, indeed, one can scarcely imagine a more appealing set of facts for such an argument. Yet, using language that seems apt here, the Court of Appeals rejected her argument: "The short answer to this contention is that [the special benefits law], when read in light of the definitions contained in the ordinance, presents no ambiguity and poses no problem of statutory construction. If the wording of a law is clear, its literal meaning should not be tortured into something else . . . " 266 Md. at 694.

The individual whose situation gave rise to your inquiry was a member of the Employees' Pension System prior to her county employment. Under former Article 73B, §113(4), "If a member terminates his employment he ceases to be a member." Hence, under the former law, an individual who was a member of the Pension System could transfer service credit only if there were no break in service. If there were a gap between membership in the prior system and transfer to membership in the new system, the prior service credit could not be claimed.

Under the facts presented in your inquiry, the individual did not transfer from membership in the Employees' Pension System to membership in any pension system. The contract under which she was initially employed with the county provided as follows: "Nothing in this Agreement shall be construed to permit any Contractual Employee to participate in or be a member of any County-sponsored pension plan. . . ." So, by the time the individual was freed from this restriction, having become a permanent county employee after 71 days of contractual service, she was no longer a "member" of the Pension System. There was no uninterrupted "membership," first in one system and then in the other, as required in order for a member to transfer service credit from the first system.

**II**

**Transfer Under Current Law**

The current law ratifies the Retirement Agency's construction of prior law and makes the continuity-of-service requirement all the more explicit.  The provision that now generally governs transfer of service credit, §37-202(a) of the State Personnel and Pensions Article, provides as follows:

> A member of a State or local retirement or pension system may transfer service credit attained as a result of that membership to another State or local retirement or pension system if the member, without incurring a break in employment, accepts employment or an office that:
>
> (1)    requires or allows the member to participate in the new system; and
>
> (2)    does not allow the member to continue to accrue benefits in the previous system.

The phrase "without incurring a break in employment" was added to confirm the interpretation that had been given to the provision discussed above.  *See* Revisor's Note in Chapter 6 of the Laws of Maryland 1994.[2]

In context, the term "break in employment" does not refer to the duties of positions, but rather to the individual's relationship to pension system participation.  If, as in the facts presented in your inquiry, an individual ceases membership in a State pension system and, although employed by a county, is not then entitled to participate in a local pension system, "a break in employment" will have occurred.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*

---

[2] In Chapter 131 of the Laws of Maryland 1992, the General Assembly revised and reorganized the pension laws.  What had been §32 became §1-401.  However, this recasting made no substantive change; according to the Committee Note accompanying §1-401, "[t]he only change is technical."